Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6743 | **DATE** | 6/26/2001 |
| **CASE TITLE** | USA ex rel. JUAN RODRIGUEZ vs. ROGER COWAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petitioner Juan Rodriguez's Writ for Habeas Corpus is denied.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 27 2001 | |
| | Notified counsel by telephone. | date docketed | 24 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 26 PM 7:03 JUN 27 2001 date mailed notice | |
| LG | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., JUAN RODRIGUEZ, | )<br>)<br>) |
| Petitioner, | )<br>) No. 99 C 6743 |
| v. | )<br>) Judge John W. Darrah |
| ROGER COWAN, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Juan Rodriguez (Rodriguez), seeks a writ of habeas corpus against the Menard Correctional Center Warden, Roger Cowan, pursuant to 28 U.S.C. § 2254. Before the Court is Rodriguez's Writ of Habeas Corpus in which he raises five grounds for relief: (1) he was deprived his Sixth Amendment right to confront the witnesses against him; (2) the trial court erred in denying defendant's motion in limine regarding inflammatory evidence related to the victim's injuries; (3) ineffective representation by trial counsel; (4) an error in a jury instruction; and (5) his sentence violated his due process and equal protection rights.

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has not challenged the appellate court's summary of facts. Accordingly, the following facts are drawn from the appellate court's opinions.

Following a jury trial, Rodriguez was convicted of first degree murder for the death resulting from a beating of a three-year-old child. The trial court sentenced Rodriguez to an eighty-year extended-term of imprisonment. Rodriguez appealed his conviction and sentence to the First District



Appellate Court (Appellate Court), arguing that the trial court improperly admitted testimony regarding what the victim's brother allegedly stated the morning of the murder and further erred by failing to give a limiting instruction as to such testimony; the trial court erred in denying defendant's motion in limine to limit the evidence of the victim's injuries which were not directly related to the victim's death; the trial court erred in giving the jury the last paragraph of Illinois Pattern Jury Instruction (IPI) 26.01Q; ineffective assistance of counsel for failing to preserve the above contentions for appellate review; and error in his sentence. On June 9, 1995, the Appellate Court affirmed Rodriguez's conviction and remanded the case for resentencing. The Appellate Court found, in part, that, under the facts of the case, the Appellate Court could not find that the victim's death was accompanied by such exceptionally brutal or heinous behavior as would warrant an extended-term sentence. *People v. Rodriguez*, No. 1-92-1809, Jun. 9, 1995 (Rule 23 Order). Rodriguez filed a petition for leave to appeal with the Illinois Supreme Court. On October 26, 1995, the petition was denied.

On April 2, 1996, the trial court conducted a new sentencing hearing and resentenced Rodriguez to the same eighty-year extended-term sentence, finding that Rodriguez was eligible for an extended-term sentence because the victim was less than 12 years old. Rodriguez appealed this new sentence, arguing that the second sentencing hearing required a new presentence investigation report and that the sentence was excessive. On March 18, 1998, the Appellate Court affirmed Rodriguez's conviction and sentence. *People v. Rodriguez*, No. 1-96-1450, Mar. 18, 1998 (Rule 23 Order). Rodriguez filed a petition with the Illinois Supreme Court which was denied on October 6, 1998.

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by

a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A habeas corpus petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (*Coleman*).

Generally, there are three ways a procedural default occurs: (1) where the petitioner fails to raise a federal constitutional issue in the state courts (*Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)); (2) when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground (*Coleman*, 501 U.S. at 729-30); and (3) if the petitioner completely failed to assert the claim in the state court (*Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

A petitioner may be excused from a procedural default if he or she can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which precludes the petitioner's ability to pursue his or her claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'

3

*Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*), quoting *Murray*, 477 U.S. at 496. Thus, the petitioner must show "that is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

Respondent argues Rodriguez's first claim is procedurally barred because the state court declined to review the claim because it was waived and the plain error did not apply and because Rodriguez failed to present the substance of his federal claim to the state court.

Rodriguez's first claim for relief alleges a deprivation of his Sixth Amendment right to confront witnesses against him where the trial court permitted a police officer to testify regarding what a non-testifying child stated to the officer about Rodriguez, and the presentation of such evidence was prejudicial to Rodriguez.

On state court appeal, Rodriguez alleged that the trial court erred by allowing the police officer to testify that the victim's four-year old brother told the officer on the morning of the killing that he observed Rodriguez "hitting the victim[] and also banging her head on the floor." He also alleged that the trial court erred in allowing into evidence a doctor's chart that detailed the victim's head injuries because the trial court predicated the admission of the chart on the brother's hearsay statement to the police officer. Rodriguez conceded that he waived the alleged errors and sought review under the plain error doctrine.

In determining whether the plain error doctrine should be applied, the Appellate Court found that the trial court did err in allowing the hearsay statement, and the error was exacerbated by the failure to give a jury instruction limiting the purpose for which the statement could have been used. However, the Appellate Court found that the admission of the hearsay statement was harmless given the overwhelming evidence of Rodriguez's guilt of first degree murder. The evidence included

4

Rodriguez's confession on three different occasions to three persons that he administered the fatal blow. In addition, while he testified in his own behalf that he confessed to protect the victim's mother, his confessions contained specific factual information relating to the victim's injuries. Rodriguez admitted that he could not have obtained this information from the victim's mother because she never told him about which area of the victim's body she kicked the victim or the number of times she did so. Furthermore, while the hearsay evidence bolstered the conclusion that Rodriguez did not act recklessly, the admissible evidence in the case overwhelmingly proved that Rodriguez possessed the requisite state of mind for first degree murder at the time of the killing. Accordingly, the Appellate Court found that, because the error was harmless, the plain error exception to the waiver rule could not be invoked; and the issue was deemed waived.

"[I]f a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review." *Pisciotti v. Washington*, 143 F.3d 296, 300 (7th Cir. 1998). In the instant case, the state court did address petitioner's claim in its plain error exception analysis and found errors were made. It concluded that the errors were harmless. However, in its determination that the plain error doctrine did not apply and its finding that any error was harmless, the Appellate Court did not invoke any federal law. Accordingly, the claim is procedurally defaulted and barred from federal habeas review. *See Hartfield v. Gramley*, 853 F.Supp. 289, 293 (N.D.Ill. 1994) (*Hartfield*) (claim procedurally defaulted because nowhere in its plain error and harmless error analysis did the state court invoke federal law in support of its denial of these arguments).

Respondent also argues Rodriguez's first claim is defaulted because he failed to present the first claim as a constitutional claim to the state courts. For a petitioner to raise an issue on habeas

review, the state courts must have had an opportunity to address the issue. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). To fairly present a claim, a petitioner must have presented the state court with both the operative facts and the controlling legal principles of the federal claim. *Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th Cir. 1992).

Rodriguez did not present his first claim as a violation of his Sixth Amendment right to confront witnesses against him. While Rodriguez's brief titles his claim a violation of the Sixth Amendment, the brief only argues that inadmissible hearsay was admitted and does not cite to or refer to any federal law cases. In addition, the Appellate Court's analysis relies only on Illinois case law and addresses hearsay, not a violation of the Sixth Amendment. Therefore, the state court did not have an opportunity to apply constitutional principles and correct any errors committed by the trial court based on these principles. Thus, Rodriguez's first claim is barred on this ground.

Rodriguez has also failed to demonstrate he should be excused from procedural default. Rodriguez has failed to demonstrate that there was cause for the default and actual prejudice as a result of the alleged violation of federal law or that lack of review will result in a miscarriage of justice. There is no evidence, and Rodriguez does not allege, that some external factor external to his defense precluded his ability to pursue his claim in state court to establish cause for his default or that actual prejudice resulted because of an alleged violation of federal law.

In addition, Rodriguez does not allege, and the evidence does not establish, a fundamental miscarriage of justice occurred, i.e., that it is more likely than not that no reasonable juror would have found Rodriguez guilty beyond a reasonable doubt. The state court fully addressed Rodriguez's claim that the admission of the hearsay was reversible error, finding that any error was harmless in light of the overwhelming evidence against him. Accordingly, Rodriguez's procedural default is not

excused.

Rodriguez's second claim for relief alleges he was deprived his fundamental right to a fair trial by the trial court's denial of his motion in limine in which he sought to limit evidence of the victim's injuries not directly related to the victim's death and that such injuries were not shown to be caused by Rodriguez.

Respondent argues Rodriguez's second claim is procedurally barred because the state court declined to review the claim because it was waived and the plain error did not apply and because Rodriguez seeks redress of a state court evidentiary ruling, not a constitution violation.

At the Appellate Court, Rodriguez argued that the denial of his motion in limine in relation to the victim's other injuries that were not directly related to her death was reversible error. The Appellate Court found that Rodriguez waived this argument and that the plain error exception did not apply. The Appellate Court noted that, at oral argument, Rodriguez's counsel conceded that sufficient evidence was adduced at trial to prove Rodriguez was responsible for at least some of the victim's prior abuse and that such evidence would be relevant to prove Rodriguez's mental state at the time of the killing. Because the state court declined review of this claim, the claim is defaulted and barred from habeas review.

Additionally, the claim is non-cognizable because Rodriguez is seeking redress of a state court evidentiary ruling that is labeled as a constitutional claim. The claim describes a violation of state law, not violation of a Federal law. Such a claim is not reviewable under a habeas petition. *Coleman*, 501 U.S. at 730; *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993).

Rodriguez has also failed to demonstrate he should be excused from procedural default. There is no evidence, and Rodriguez does not allege, that some external factor external to his defense

precluded his ability to pursue his claim in state court to establish cause for his default or that actual prejudice resulted because of an alleged violation of Federal law.

In addition, Rodriguez does not allege, and the evidence does not establish a fundamental miscarriage of justice occurred, i.e., that it is more likely than not that no reasonable juror would have found Rodriguez guilty beyond a reasonable doubt. The state court noted that the evidence of the victim's other injuries was admissible to show Rodriguez's state of mind at the time of the killing. Accordingly, Rodriguez has procedurally defaulted his second claim.

In his third claim, Rodriguez alleges that he was denied effective assistance of counsel because counsel failed to preserve meritorious issues. Rodriguez did not raise this claim in his petition for review by the Illinois Supreme Court. A habeas petitioner's failure to raise a claim on discretionary review to a state's highest court constitutes a failure to have properly exhausted state remedies; such that the time for doing so has passed, the habeas petitioner is deemed to have procedurally defaulted the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999). Accordingly, Rodriguez's third claim is procedurally defaulted.

Rodriguez has also failed to demonstrate he should be excused from procedural default. There is no evidence, and Rodriguez does not allege, that some external factor external to his defense precluded his ability to pursue his claim in state court to establish cause for his default or that actual prejudice resulted because of an alleged violation of Federal law. In addition, Rodriguez does not allege, and the evidence does not establish a fundamental miscarriage of justice occurred, i.e., that it is more likely than not that no reasonable juror would have found Rodriguez guilty beyond a reasonable doubt. The state Appellate Court found, that based on its findings concerning Rodriguez's claims, the outcome of the appeal would not have been different if the alleged errors

had been preserved. The evidence supports such a conclusion. Accordingly, Rodriguez has procedurally defaulted his third claim.

In his fourth claim, Rodriguez alleges that he was denied the fundamental right to a fair trial by the trial court's giving the jury the last paragraph of Illinois Pattern Jury Instruction, No. 26.01Q. The last paragraph of the instruction states that:

> If you find the State has proved the defendant guilty of both first degree murder and involuntary manslaughter, you should select the verdict form finding the defendant guilty of first degree murder ... Under these circumstances, do not sign the verdict form finding the defendant guilty of involuntary manslaughter. IPI, Crim. No. 26.01Q.

The last paragraph of IPI 26.01Q should not be given where the lesser included offense of an offense requiring intent or knowledge has the mental state of recklessness because the mutual exclusivity of those mental states. *People v. Basden*, 636 N.E.2d 919 (1994). Here, the lesser included offense applicable to Rodriguez, involuntary manslaughter, has the mental state of recklessness.

The Appellate Court found that petitioner waived this claim and that the plain error doctrine did not apply. The Appellate Court noted that the trial court did commit error in giving the jury the contested instruction but that any error was harmless based on the overwhelming evidence against Rodriguez. In its determination that the plain error doctrine did not apply and its finding that any error was harmless, the Appellate Court did not invoke any federal law. Accordingly, the claim is procedurally defaulted and barred from federal habeas review. *See Hartfield*, 853 F.Supp. at 293.

Rodriguez has also failed to demonstrate he should be excused from procedural default. There is no evidence, and Rodriguez does not allege, that some external factor external to his defense precluded his ability to pursue his claim in state court to establish cause for his default. In addition, the evidence does not establish a fundamental miscarriage of justice occurred, i.e., that it is more

likely than not that no reasonable juror would have found Rodriguez guilty beyond a reasonable doubt. The state Appellate Court found any error was harmless in light of the overwhelming evidence proving Rodriguez's guilt of first degree murder. Accordingly, Rodriguez has procedurally defaulted his fourth claim.

Last, Rodriguez alleges that he was denied his constitutional rights of due process and equal protection under the law because the trial court mistakenly considered him eligible for the death penalty, disregarded sentencing guidelines, and considered only aggravating factors in sentencing him to 80 years' imprisonment.

On appeal in state court, Rodriguez alleged that his second sentence should be reversed because the trial court did not review a new presentence investigation report, the trial court disregarded substantial mitigating evidence, and the sentence constituted an abuse of discretion. The Appellate Court affirmed the sentence, finding that Rodriguez waived his objection to the pre-sentence report. The court noted that the original remand was for the limited purpose of allowing the trial court to consider whether an extended-term sentence was supported by the fact that the victim was a child. The court also found no merit in Rodriguez's claim that the sentence was excessive.

Rodriguez's last claim is defaulted because he failed to present the claim as a constitutional claim to the state courts. Rodriguez did not present his claim as a violation of due process or equal protection to the state court, and the Appellate Court's analysis relies only on Illinois case law and does not address any violation of due process or equal protection. Therefore, the state court did not have an opportunity to apply constitutional principles and correct any errors committed by the trial court based on these principles. Thus, Rodriguez's last claim is also barred.

Rodriguez has also failed to demonstrate he should be excused from procedural default. There is no evidence, and Rodriguez does not allege, that some external factor external to his defense precluded his ability to pursue his claim in state court to establish cause for his default or that actual prejudice resulted because of an alleged violation of Federal law.

In addition, Rodriguez does not allege, and the evidence does not establish a fundamental miscarriage of justice occurred, i.e., that it is more likely than not that no reasonable juror would have found Rodriguez guilty beyond a reasonable doubt. The state court fully addressed Rodriguez's sentence claim and rejected all of Rodriguez's arguments. Accordingly, Rodriguez has procedurally defaulted his last claim.

For the reasons stated above, Rodriguez's Writ for Habeas Corpus is denied.

Dated: June 26, 2001

JOHN W. DARRAH
United States District Judge