Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6743 | **DATE** | 8/28/2001 |
| **CASE TITLE** | USA, ex rel. JUAN RODRIGUEZ vs. ROGER COWAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petitioner's motion for a certificate of appealability is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 2 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | 01 AUG 28 PM 6: 52 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 29 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., JUAN RODRIGUEZ, ) ) ) Petitioner, ) ) v. ) ROGER COWAN, ) ) Respondent. ) ) ) ) | No. 99 C 6743 Judge John W. Darrah |

### MEMORANDUM OPINION AND ORDER

On June 26, 2001, this Court denied petitioner's, Juan Rodriguez's, habeas corpus petition, finding that his five habeas claims were procedurally defaulted. Before the Court is petitioner's motion for a certificate of appealability (COA).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whether a COA should issue after a petition was dismissed on procedural grounds has two components, and a court may address either of the components first. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (*Slack*). If the habeas petition is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 485.

In his habeas corpus petition, petitioner raised five grounds for relief: (1) he was deprived his Sixth Amendment right to confront the witnesses against him; (2) the trial court erred in denying defendant's motion in limine regarding inflammatory evidence related to the victim's injuries; (3) ineffective representation by trial counsel; (4) an error in a jury instruction; and (5) his sentence violated his due process and equal protection rights. Presently, petitioner seeks a COA on the first, second, and fourth grounds for relief.

In its June 26th order, this Court found that the petitioner's first, second, and fourth claims were procedurally defaulted because the state court rejected petitioner's claims on adequate and independent state procedural grounds – petitioner waived the error, and the plain error doctrine did not apply.

"In habeas, if the decision of the last court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims ... and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Coleman v. Thomson*, 501 U.S. 722, 735 (1991) (*Coleman*). The state court's decision "must fairly appear to rest primarily on federal law or to be interwoven with federal law." *Coleman*, 501 U.S. at 735.

Here, the petitioner argues that the state court's decision did not rest on independent and state grounds because the state court engaged in an analysis of the merits of the case when it decided whether to apply the plain error doctrine. However, "[t]o decide whether an error is plain requires consideration of the merits – but only so far as may be required to determine that issue. It does not open up the merits any wider for consideration by the federal court." *Neal v. Gramley*, 99 F.3d 841, 844 (7th Cir. 1996) (*Neal*).

2

A review of the state court's decision shows that the state court found that the petitioner waived these three claims and that the plain error doctrine did not apply to any of the claims. In its analysis, the state court relied soley upon Illinois case law and undertook its analyses and subsequent findings soley to determine if the plain error exception applied. The decision clearly demonstrates that the state court relied upon the procedural bar as an independent basis for its disposition in the case. The state court's decision states that petitioner waived these claims, that the analysis conducted by the court was undertaken only for the purpose of determining whether the plain error doctrine applied, and that the plain error doctrine did not apply. Accordingly, the state court's decision for the three claims was based on independent and adequate state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (finding that a state court's decision is independent if the state court "actually ... relied upon the procedural bar as an independent basis for its disposition of the case."); *Neal*, 99 F.3d at 844; *United States v. Detella*, 965 F.Supp. 1124, 1130 (N.D.Ill. 1997) (finding habeas petitioner's claim was procedurally barred on independent and adequate state grounds because state court found that claim was waived and that the plain error exception did not apply); *United States v. Detella*, 2001 WL 127644 (N.D.Ill. Feb. 14, 2001).

The above facts and law indicate that a reasonable jurist would not find it debatable whether the Court was correct in finding that petitioner's claims were procedurally barred. Accordingly, petitioner's motion for a certificate of appealability is denied.

Dated: August 28, 2001

JOHN W. DARRAH
United States District Judge

3